UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL E. POLK, | No. 2:16-cv-1034 KJN P |
| Plaintiff, | |
| v. | ORDER |
| PLACER COUNTY, et al., | |
| Defendants. | |

Plaintiff is a jail inmate, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
3   § 1915(b)(2).
4       The court is required to screen complaints brought by prisoners seeking relief against a
5   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
6   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
7   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
8   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
9       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
11  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
16  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
17  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
18  1227.
19      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
20  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
21  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
22  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
23  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
24  formulaic recitation of the elements of a cause of action;" it must contain factual allegations
25  sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific
26  facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what
27  the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93
28  (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

In his complaint, plaintiff names three defendants: Placer County, Sheriff Edward Bonner, and "CFMG," the medical department for the jail. Plaintiff alleges that while he was in the custody of the Placer County Jail, he was released for a drug program. During the drug program, he was on a bike and was hit head-on by a truck. On January 4, 2013, he was back in jail. He told P.A. Steve that he was to report to U.C. Davis Medical Center ("UCD") the next month, to have his colostomy bag fixed. Plaintiff alleges that Steve said, "if it didn't happen in the jail walls, we don't have to deal with it." (ECF No. 1 at 3.) Over a year later, plaintiff finally got to UCD, where he was allegedly told that since it had been more than a year, he had to go through the clinic. Now it allegedly cannot be fixed, and he must wear a colostomy bag for the rest of his life.

Plaintiff also alleges that he was taken to an eye doctor, who told him and the Placer County Medical Department, that plaintiff needs to see a neurologist, but plaintiff was not taken. Plaintiff alleges that he told "the head medical lady Joann Hendrixs," who looked it up, confirmed he was to see a neurologist, and told him "we will get you to one." (ECF No. 1 at 3.) But he was not. Plaintiff claims that after he threatened to sue, he was sent to another eye doctor. Plaintiff also alleges that "they" didn't do anything for his right arm that is paralyzed; he claims that Steve told plaintiff to "just bend fingers." (ECF No. 1 at 3.) In addition to not completing his intestinal hookup, requiring a colostomy bag, plaintiff claims he lost sight in his right eye, and suffered loss of movement in his right arm. Plaintiff seeks medical assistance to have injuries repaired and therapy, and requests money damages. (ECF No. 1 at 6.) Plaintiff states he was incarcerated from about January 4, 2013, to May 25, 2015. (ECF No. 1 at 3.)

First, Placer County is not a proper defendant. See Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445 (1981); Monell v. Dep't of Social Services, 436 U.S. 658, 691, 98 S. Ct. 2018 (1978); Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185 (9th Cir. 2002) (describing the two routes to municipal liability, where municipality's official policy, regulation or decision violated plaintiff's rights, or alternatively where municipality failed to act under circumstances showing its deliberate indifference to plaintiff's rights), cert. denied, 537 U.S. 1106 (2003).

Second, based on plaintiff's allegations, the Sheriff and the Medical Department do not appear to

be proper defendants in this action.  Rather, the proper defendant(s) appear to be the jail staff member(s) who were allegedly deliberately indifferent to plaintiff's serious medical needs.  Here, although plaintiff includes allegations as to individuals P.A. Steve and Joann Hendrixs, he did not name these individuals as defendants, and did not include sufficient allegations for the court to determine whether plaintiff can state a cognizable claim against each of them.  In order to state a valid claim under § 1983, plaintiff must allege that he suffered a specific injury as a result of specific conduct of each named defendant and show an affirmative link between the injury and the conduct of that defendant.  Rizzo, 423 U.S. at 371-72, 377.  In addition, plaintiff must allege facts demonstrating that each defendant acted with a culpable state of mind.

Plaintiff is advised that to maintain an Eighth Amendment claim based on inadequate medical care, he must allege facts showing that each defendant acted with deliberate indifference to plaintiff's serious medical needs.  Estelle v. Gamble, 429 U.S. 97 (1976).  In the Ninth Circuit, a deliberate indifference claim has two components:

> First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  This second prong -- defendant's response to the need was deliberately indifferent -- is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted).

Plaintiff is cautioned that, in applying the deliberate indifference standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs.  Toguchi v. Soon Hwang Chung, 391 F.3d

5

1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  In addition, mere differences of opinion between a prisoner and medical staff as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim.  See Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012); Toguchi, 391 F.3d at 1058.

Finally, delays in providing medical care may manifest deliberate indifference.  See Estelle, 429 U.S. at 104-05.  However, to establish a deliberate indifference claim arising from a delay in providing medical care, a plaintiff must allege facts showing that the delay was harmful.  See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs."  Jett, 439 F.3d at 1096.

For all of the above reasons, the court has determined that the allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court, however, grants leave to file an amended complaint.  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and

conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Placer County filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

////

////

////

////

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: May 31, 2016

/polk1034.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL E. POLK,<br><br>    Plaintiff,<br><br>    v.<br><br>PLACER COUNTY, et al.,<br><br>    Defendants. | No.  2:16-cv-1034 KJN P<br><br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

    _____         Amended Complaint

DATED: _____

                                                                                                              _____
                                                                                                              Plaintiff